UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SOLOMON LEAKE and
HAYDEN MAE LEAKE,

                Plaintiffs,                COMPLAINT

                -against-                07 Civ. 2947 (CM)

PHROSKA LEAKE McALISTER,              ECF CASE

                Defendant.               JURY TRIAL DEMANDED
------------------------------------------------------------x

        Plaintiffs, SOLOMON LEAKE and HAYDEN MAE LEAKE, complaining of defendant, allege as follows:

        1.       Plaintiffs are citizens of the State of Virginia.

        2.       Defendant is a citizen of the State of New York.

        3.       The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

        4.       Plaintiffs are married to each other, and are the parents of the defendant and of two other adult daughters, Sundy L. Leake and Adrianne V. Leake-Gaylord.

        5.       Plaintiff SOLOMON LEAKE is over 87 years of age.

        6.       Plaintiff HAYDEN MAE LEAKE is over 89 years of age.

        7.       Defendant is an attorney at law admitted to practice in the State of New York.

        8.       In or about 1999 there was a relationship of trust and confidence between plaintiffs and defendant.

9. In or about 1999, plaintiffs gave defendant the power and authority to act as the attorney-in-fact and/or trustee for each of them to manage their savings and investments for plaintiffs' benefit.

10. In or about 1999, plaintiffs executed and delivered to defendant powers of attorney and/or trust instruments appointing defendant as their attorney-in-fact and/or trustee for their benefit.

11. In or about 1999 plaintiffs put defendant in control of certain funds in excess of $250,000 which were the proceeds of a joint account belonging to plaintiffs at Nations Bank (now Bank of America), which plaintiffs had closed.

12. In or about 1999 defendant as such attorney-in-fact and/or trustee advised plaintiffs that she was going to put these funds into a "better performing" account for them.

13. Thereafter, defendant, as such attorney-in-fact and/or trustee, placed some or all of said funds in accounts under defendant's control with Hartford Life, PaineWebber, and other financial institutions.

14. In or about the year 2003, defendant, acting as such attorney-in-fact and/or trustee, took control of plaintiff, SOLOMON LEAKE'S checking account at Bank of America.

15. On January 14, 2006, plaintiff SOLOMON LEAKE executed a power of attorney appointing his daughters Sundy L. Leake and Adrianne V. Leake-Gaylord, as his attorneys-in-fact, which instrument also terminated and revoked all financial powers of attorney previously executed by said plaintiff, including the aforesaid powers of attorney that had been executed by him appointing defendant as his attorney in fact.

16. On July 5, 2006, plaintiff HAYDEN MAE LEAKE executed a power of attorney appointing her daughters Sundy L. Leake and Adrianne V. Leake-Gaylord, as her attorneys-in-fact, which instrument also terminated and revoked all financial powers of attorney previously executed by said plaintiff, including the aforesaid powers of attorney that had been executed by her appointing defendant as her attorney in fact.

17. On or about September 13, 2006, defendant was notified of the revocation of her authority as attorney-in-fact for both plaintiffs.

**FIRST CLAIM FOR RELIEF**
**(ACCOUNTING)**

18. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 hereinabove.

19. Plaintiffs are entitled by law to have defendant account to them and each of them for her acts and proceedings as their attorney-in-fact and/or trustee.

**SECOND CLAIM FOR RELIEF**
**(BREACH OF FIDUCIARY DUTY)**

20. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 19 hereinabove.

21. Upon information and belief, defendant has expended a large portion of plaintiffs' assets for defendant's own benefit and not for the benefit of plaintiffs, has wasted said assets, has failed to invest said assets properly, has failed to account to plaintiffs for her administration of said assets, has failed to return to plaintiffs any of plaintiffs' assets remaining in her hands, and has committed other acts and failures to act in breach of her fiduciary duties to plaintiffs as attorney-in-fact and/or trustee.

## THIRD CLAIM FOR RELIEF
### (CONVERSION)

22.     Plaintiffs repeat each and every allegation of paragraphs 1 through 21 hereinabove.

23.     By reason of the foregoing facts defendant has converted a substantial amount of plaintiffs' assets to defendant's own use.

WHEREFORE, plaintiffs demand judgment against defendant :

1.     Declaring that defendant has no further authority to act as attorney in fact and/or trustee for plaintiffs or either of them;

2.     Directing defendant to account to plaintiffs and each of them for defendant's acts and proceedings as attorney-in-fact and/or trustee for plaintiffs and to pay over to plaintiffs all property of plaintiffs remaining in her hands and awarding plaintiffs other equitable relief to which they may be entitled in an accounting;

3.     Awarding plaintiffs and each of them a money judgment against defendant for the damages caused by defendant's breaches of fiduciary duty;

4.     Awarding plaintiffs and each of them a money judgment against defendant for the amounts of plaintiffs' funds converted by defendant to her own use;

5.     Awarding plaintiffs a money judgment for the costs of this action, and the reasonable fees and disbursements of their attorneys; and

      6.    Awarding plaintiffs such other, further and different legal and equitable relief as to this Court shall seem just and proper.

Dated: New York, New York
April 13, 2007

                    McGARRY & SIMON

                    By:_____
                        William A. Simon (WS-4604)

                        Attorneys for Plaintiffs
                        317 Madison Avenue, Suite 1511
                        New York, New York 10017
                        (212) 867-0100