UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK

-----------------------------------------------------------x

SOLOMON LEAKE and                                    07 Civ. 2947 (CM)

HAYDEN MAE LEAKE,                                    ECF CASE

                       Plaintiffs,

     --against--

                           ANSWER

PHROSKA LEAKE McALISTER,

              Defendant.

-----------------------------------------------------------x


      Defendant, PHROSKA LEAKE MCALISTER,  by her attorney Phroska L.
McAlister, Esq., as and for her Answer to the Complaint of the Plaintiffs, named herein,
respectfully  says as follows:


      1.     Admits the allegations contained in paragraphs 1,2,5,6, and 7 of the
complaint.

      2.     Admits that  Solomon and Hayden Leake  are  Phroska Leake McAlister's
parents and the **Four (4)** children born of their marriage (in order of birth) are: Phroska,
Adrianne, **Damien** (omitted from the Complaint) and Sundy.

      3.     Denies  that she has  knowledge or information sufficient to form a belief
as to the truth  of the allegations contained in paragraphs 15 and 16 of the complaint.

      4.     Denies the allegations, in whole or part,  as  contained in paragraphs 8,
9,10,11,12,13,14, 17,18,19,20,21,22 and 23 of the complaint.

## AFFIRMATIVE DEFENSES

### First Defense

5.      The complaint fails to state a claim against defendant upon which relief can be granted.

### Second Defense

6.      Defendant is not accountable or indebted to Plaintiffs, jointly. Defendant has not had a relationship with Hayden Leake, of trust and confidence, for more than Fifty (50) years. Defendant has never had Hayden Leake's power, authority or proxy to act as her attorney-in fact or trustee. Defendant has never had any conversation with Hayden concerning her or Solomon 's savings or investments. Defendant has never had possession, use of or control of any account, asset or funds, jointly held by Plaintiffs, with the exception of Plaintiff's proceeds from the sale of their home, which proceeds were fully dispersed to Plaintiffs, more than 15 years ago.

### Third Defense

7.      Plaintiff, Hayden Leake, lacks capacity and standing to sue Defendant. Defendant is not accountable or indebted to Hayden, separately upon a theory that she has a "derivative or representative" claim or cause of action. Solomon, her husband, is not deceased. This is not an estate, personal injury or matrimonial complaint. In addition, neither Hayden nor **her** attorney have been properly appointed Solomon's Guardian or Legal Representative, by Solomon or a Court of competent jurisdiction. In addition, Defendant is advised, that Solomon has said that he wanted his name removed and excluded from this action against Defendant, but he was "afraid" of Hayden....

### Fourth Defense

8.      Plaintiff, Hayden Leake knows and has admitted that Defendant has never independently "managed" Plaintiff's savings and investments for "their" benefit; nor done anything for or on behalf of Solomon Leake without his actual

knowledge and direction. Hayden   tacitly  admitted in her prior  dismissed complaint (for an accounting and sanctions)  re Defendant, to the NYS Disciplinary Committee, First Department,  and explicitly admitted  to Labarbara Pugh,  (her daughter from a prior marriage),  that  her *real* complaint  was  that  Defendant   **"allowed"** her father, Solomon Leake,  to do anything he wished to do.

## Fifth Defense

9.     Plaintiff, Solomon Leake did not replace Defendant, as his proxy and power of attorney,  voluntarily or  in disavowal of Defendant or her conduct at any time, with respect to any matter.  The document/s  purportedly made in 2006,  allegedly appointing  Adrianne & Sundy  in Defendant's (or Damien's)  place and stead, was obtained  by  fraud,  coercion,  undue  influence,   abuse  and  intentional   medical mismanagement of Solomon Leake.

## Sixth Defense

10.     Plaintiff, Solomon Leake during all the times mentioned  herein, had  the unrestricted right to give  his assets to his wife,  to any  or all of  his children or to anyone else.   Solomon Leake did not lose that fundamental right  because  he may now  be incapacitated or because  of    "future,"    "marital" or "elective"  interests  or shares, his wife,  might  be entitled to claim,   under the  laws of  New York or Virginia.

## Seventh Defense

11.     Defendant  admits  that she has  acted as  her father's proxy, agent  and attorney in fact,  re  various  matters, for more than thirty (30) years.  Defendant also admits that   she has received  substantial  money gifts  and transfers from her father, beginning in the 1990s.

However,  during  all  times  mentioned  or  referenced herein,   such gifts  and transfers  from  Solomon,   were  never  requested  by  Defendant and    they  were intentionally  and  voluntarily  made,    directed  and  authorized  by  Solomon Leake. Further,   any and all Statements of Account or  Returns,  required,  necessary or available, respecting **any** statement, account, expenditure, allocation,  gift, transfer or use of  Solomon Leake's assets or funds was  received  from Defendant and third

parties and were reviewed and approved by Solomon Leake, contemporaneous with any and all expenditures, allocations, transfers, gifts or use of said asset or funds.

## Eighth Defense

12.    Defendant did not breach her fiduciary duty to Plaintiffs, as attorney in fact and/or trustee. Defendant's actions have always been consistent with Solomon's direction, intention and authorization.

## Ninth Defense

13.    Defendant did not exercise unauthorized possession, ownership or control of any of Plaintiff's assets. Plaintiff, Solomon Leake's consent, approval and knowing authorization was given at all times mentioned herein. Upon information and belief, Hayden Leake's knowledge, consent or authorization was not required.

## Tenth Defense

14.    The right of action set forth in this complaint is barred, in whole or part, by the Statute of Limitations. The matters as alleged, are claimed to have occurred more than Six (6) years ago and more than Three (3) years ago.

## Eleventh Defense

15.    The right of action as set forth in this complaint is barred, in whole or part, by Collateral Estoppel and Laches. Solomon's current ability to explain and confirm his earlier actions, authorizations, knowledge and intentions, to testify on his own and on Defendant's behalf; or to act independently in any way, without fear of reprisal, from Hayden, Adrianne and Sundy, has degraded and has been intentionally and severely compromised in the years, since 1999 and 2003, by Plaintiff Hayden Leake, to Defendant's prejudice.

21.     Solomon's wife, Plaintiff, Hayden, nor any of his daughters, including the Defendant, are appropriate or qualified at this time, to represent Solomon with respect to this or any claim or action, due the long standing conflict and animus between Hayden, Adrianne, Sundy and Defendant.

20.     Likewise, the attorney or firm presumably chosen by Adrianne and Sundy, that purportedly represent Solomon and Hayden, as Plaintiffs, is unqualified to be Solomon's Guardian or Legal Representative.

21.     Thus, this action should not be continued without the Court ordering Appointment of an independent representative or GAL or other independent third party, and an investigation, inquiry and report regarding, among other things, Solomon's best interest, capacity, as a Plaintiff and his desire and understanding, concerning these proceedings.

22.     Additionally, such an order for Appointment of an independent legal representative or "GAL," is necessary because Plaintiff, Solomon has clearly stated to others, including but not limited to his son Damien, that he wants his prior actions, statements, intentions and decisions to stand as they are and that he does not join Hayden, Adrianne and Sundy, *in any of their* complaints against Defendant.

WHEREFORE, Defendant, demands judgment against the Plaintiffs dismissing the complaint; a judgment or Order for Investigation and Appointment of a Guardian Ad Litem for the Plaintiff, Solomon Leake; and such other and further relief as the Court deems just and proper.

Dated: May 14, 2007
New York, New York

PHROSKA L EAKE McALISTER
DEFENDANT - PRO SE, d/b/a
PHROSKA LEAKE McALISTER, ATTORNEY
116 West 23rd Street 5th Floor # 197
New York, NY 10011
212- 475-7085

# Affidavit of Service

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW                        CASE NUMBER 07 CV 2947

SOLOMON LEAKE and
HAYDEN MAE LEAKE,

       PLAINTIFF/PETITIONER,

  vs

PHROSKA LEAKE MCALISTER,

       DEFENDANT/RESPONDENT CASE NUMBER

---

    I    SHANON McALISTER,   declare under penalty of perjury that I  am over the age of 18 years and am not a party to this action.  I reside at 1763  Second Avenue, NY NY , and

    On   May 15     2007,          I Served a true copy of the annexed  ANSWER

by mailing the same in a sealed envelope, with postage prepaid thereon, in a a post office or official depository of the U.S. Postal Service within the State of  New York, addressed to the last known address of the addressee(s), as indicated below:

WILLIAM A. SIMON, Attorney for Plaintiffs
MCGARRY & SIMON
317 MADISON AVENUE SUITE 1511
NEW YORK, NY 10017-5021
212-867-0100

May 15, 2007
New York, NY

SIGNATURE OF PROCESS SERVER

SOUTHERN  DISTRICT OF NEW YORK
-------------------------------------------------------------x

SOLOMON LEAKE and                           07 Civ. 2947 (CM)

HAYDEN MAE LEAKE,                           ECF CASE

                    Plaintiffs,


          --against--


PHROSKA LEAKE McALISTER,

                         Defendant.

-------------------------------------------------------------x



                    ANSWER



                    PHROSKA L. McALISTER, Esq.,
                    Pro Se Attorney for
                    Defendant, Phroska Leake McAlister,
                    116 West 23rd Street 5th Floor  #197
                    New York, NY 10011
                    212- 475- 7085




**To:**    USDC Clerk of the Court


          William A. Simon

          McGarry & Simon

          317 Madison Avenue Suite 1511

          New York, New York 10017-5021

          212- 867-0100