UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SOLOMON LEAKE and
HAYDEN MAE LEAKE,

                     Plaintiffs,                          <u>AFFIRMATION</u>

             -against-                            07 Civ. 2947 (CM)

PHROSKA LEAKE McALISTER,                   ECF CASE

                     Defendant.
------------------------------------------------------------x

       WILLIAM A. SIMON, an attorney at law admitted to practice before the courts of the State of New York and before this Court, affirms the following under penalty of perjury:

       1.     I am a member of the law firm of McGarry & Simon, attorneys herein for the plaintiffs, Solomon Leake and Hayden Mae Leake. I make this affirmation in support of plaintiffs' motion pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to serve and file an amended complaint.

       2.     This is an action by plaintiffs, parents of defendant, to require defendant to account to them for moneys and securities which plaintiffs allege they placed under defendant's control as trustee beginning in or about 1999, and seeking damages on multiple legal and equitable grounds for defendant's alleged wrongful disposition of the property.

       3.     A copy of the original complaint is annexed hereto as Exhibit A. It was served upon the defendant on April 24, 2007.

       4.     The defendant, who is an attorney at law admitted to practice in this State, served an answer, *pro se,* a copy of which is annexed hereto as Exhibit B.

       5.     Plaintiffs' attorneys then served and filed a reply to the counterclaim alleged in the answer. A copy of the reply is annexed hereto as Exhibit C.

       6.     A copy of the proposed amended complaint is annexed hereto as Exhibit D.

7. On June 29, 2007 an initial pretrial conference was held, at which affirmant, representing plaintiffs, and the defendant, representing herself, appeared before the Court. A Civil Case Management Plan order was entered by the Court which, *inter alia*, set July 31, 2007 as the last day to add parties or amend pleadings.

8. July 26, 2007 I sent the defendant *pro se* an email advising her that we planned to amend the complaint and that I would shortly email to her the proposed amended complaint and would request her consent to the amendment by way of a written stipulation.

9. On July 27, 2007 I sent the defendant an email, attaching the proposed amended complaint and a proposed stipulation, and requesting defendant's consent to the proposed amendment. Shortly thereafter I telephoned the defendant. She told me that she would look at the documents and get back to me. I have had no further response from defendant.

10. On July 30, 2007, at 10:45 a.m., I sent the defendant an email advising her that if I did not hear from her by noon that day I would have to make a motion to amend the complaint. I have not heard from the defendant and am therefore making the necessary motion.

## THE COMPLAINT AND THE AMENDED COMPLAINT

11. The trust agreement alleged by plaintiffs is oral, not written. However, there was a written power of attorney given by plaintiff Solomon Leake to defendant in early 1999, which plaintiffs allege was in furtherance of the trust agreement.

12. Upon information and belief, at about the same time as the power of attorney was given, certain funds or securities held by the plaintiffs in joint names were placed in the sole name of plaintiff Solomon Leake, thereby becoming subject to defendant's control through the power of attorney.

13. Since the filing of the initial complaint it has become apparent that defendant did not have a power of attorney from plaintiff Hayden Mae Leake. Accordingly, the amended complaint (Par. 13) alleges only that plaintiff Solomon Leake gave defendant a power of attorney.

14. For the sake of completeness, Paragraph 4 of the amended complaint adds plaintiffs' son, Damien Leake, to the recitation of their children.

15. Paragraph 8 of the amended complaint adds the allegation that defendant had actually represented plaintiffs as an attorney, which is further evidence that a relationship of trust and confidence existed between plaintiffs and defendant.

16. The amended complaint states the factual claims more clearly and explicitly than did the original complaint.

17. For instance, paragraphs 11 through 15 of the amended complaint allege the understandings and transactions between plaintiffs and defendant in greater detail.

18. The amended complaint separates the claims for an accounting by defendant as trustee and as attorney-in-fact, which had been stated together as the First Claim of the original complaint.

19. The claim for breach of trust and breach of fiduciary duty (Third Claim of the amended complaint) now lists particular duties which defendant allegedly violated.

20. The amended complaint adds claims for fraud (Fifth Claim) and for constructive trust and unjust enrichment (Sixth Claim).

21. Affirmant believes that the amended complaint states the factual and legal grounds entitling plaintiffs to relief more clearly, in greater detail, and more specifically than did the original complaint.

22. However, the nature of the transactions and understandings alleged are virtually the same. Nothing contained in the proposed amended pleading could come as any surprise to the defendant.

23. The requested amendment would cause no prejudice to defendant because the litigation is in an early stage and, so far as affirmant is aware, defendant has undertaken no discovery. No depositions have as yet been taken by either party.

24. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires."

25.     For the foregoing reasons it is respectfully requested that this Court enter an order permitting plaintiff to serve and file an amended complaint in the form annexed hereto as Exhibit D, and granting plaintiffs such other, further, and different relief as to this Court shall seem just and proper.

Dated: New York, New York
      July 31, 2007

                                                                           William A. Simon (WS 4604)