UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

SOLOMON LEAKE and
HAYDEN MAE LEAKE,

        Plaintiffs,

--against--

PHROSKA LEAKE McALISTER,

        Defendant.

------------------------------------------------x

07 Civ. 2947 (CM)
ECF CASE

ANSWER

    Defendant, PHROSKA LEAKE MCALISTER, by her attorney Phroska L. McAlister, Esq., as and for her Answer to the Complaint of the Plaintiffs, named herein, respectfully says as follows:

    1.    Admits the allegations contained in paragraphs 1,2,5,6, and 7 of the complaint.

    2.    Admits that Solomon and Hayden Leake are Phroska Leake McAlister's parents and the **Four (4)** children born of their marriage (in order of birth) are: Phroska, Adrianne, **Damien** (omitted from the Complaint) and Sundy.

    3.    Denies that she has knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 15 and 16 of the complaint.

    4.    Denies the allegations, in whole or part, as contained in paragraphs 8, 9,10,11,12,13,14, 17,18,19,20,21,22 and 23 of the complaint.

## AFFIRMATIVE DEFENSES

### First Defense

5. The complaint fails to state a claim against defendant upon which relief can be granted.

### Second Defense

6. Defendant is not accountable or indebted to Plaintiffs, jointly. Defendant has not had a relationship with Hayden Leake, of trust and confidence, for more than Fifty (50) years. Defendant has never had Hayden Leake's power, authority or proxy to act as her attorney-in fact or trustee. Defendant has never had any conversation with Hayden concerning her or Solomon's savings or investments. Defendant has never had possession, use of or control of any account, asset or funds, jointly held by Plaintiffs, with the exception of Plaintiff's proceeds from the sale of their home, which proceeds were fully dispersed to Plaintiffs, more than 15 years ago.

### Third Defense

7. Plaintiff, Hayden Leake, lacks capacity and standing to sue Defendant. Defendant is not accountable or indebted to Hayden, separately upon a theory that she has a "derivative or representative" claim or cause of action. Solomon, her husband, is not deceased. This is not an estate, personal injury or matrimonial complaint. In addition, neither Hayden nor **her** attorney have been properly appointed Solomon's Guardian or Legal Representative, by Solomon or a Court of competent jurisdiction. In addition, Defendant is advised, that Solomon has said that he wanted his name removed and excluded from this action against Defendant, but he was "afraid" of Hayden....

### Fourth Defense

8. Plaintiff, Hayden Leake knows and has admitted that Defendant has never independently "managed" Plaintiff's savings and investments for "their" benefit; nor done anything for or on behalf of Solomon Leake without his actual

knowledge and direction. Hayden tacitly admitted <u>in her prior dismissed complaint (for an accounting and sanctions) re Defendant, to the NYS Disciplinary Committee, First Department</u>, and explicitly admitted to Labarbara Pugh, (her daughter from a prior marriage), that her *real* complaint was that Defendant **"allowed"** her father, Solomon Leake, to do anything he wished to do.

### Fifth Defense

9. Plaintiff, Solomon Leake did not replace Defendant, as his proxy and power of attorney, voluntarily or in disavowal of Defendant or her conduct at any time, with respect to any matter. The document/s purportedly made in 2006, allegedly appointing Adrianne & Sundy in Defendant's (or Damien's) place and stead, was obtained by fraud, coercion, undue influence, abuse and intentional medical mismanagement of Solomon Leake.

### Sixth Defense

10. Plaintiff, Solomon Leake during all the times mentioned herein, had the unrestricted right to give his assets to his wife, to any or all of his children or to anyone else. Solomon Leake did not lose that fundamental right because he may now be incapacitated or because of "future," "marital" or "elective" interests or shares, his wife, might be entitled to claim, under the laws of New York or Virginia.

### Seventh Defense

11. Defendant admits that she has acted as her father's proxy, agent and attorney in fact, re various matters, for more than thirty (30) years. Defendant also admits that she has received substantial money gifts and transfers from her father, beginning in the 1990s.

However, during all times mentioned or referenced herein, such gifts and transfers from Solomon, were never requested by Defendant and they were intentionally and voluntarily made, directed and authorized by Solomon Leake. Further, any and all Statements of Account or Returns, required, necessary or available, respecting **any** statement, account, expenditure, allocation, gift, transfer or use of Solomon Leake's assets or funds was <u>received</u> from Defendant and third

parties and were reviewed and approved by Solomon Leake, contemporaneous with any and all expenditures, allocations, transfers, gifts or use of said asset or funds.

## Eighth Defense

12. Defendant did not breach her fiduciary duty to Plaintiffs, as attorney in fact and/or trustee. Defendant's actions have always been consistent with Solomon's direction, intention and authorization.

## Ninth Defense

13. Defendant did not exercise unauthorized possession, ownership or control of any of Plaintiff's assets. Plaintiff, Solomon Leake's consent, approval and knowing authorization was given at all times mentioned herein. Upon information and belief, Hayden Leake's knowledge, consent or authorization was not required.

## Tenth Defense

14. The right of action set forth in this complaint is barred, in whole or part, by the Statute of Limitations. The matters as alleged, are claimed to have occurred more than Six (6) years ago and more than Three (3) years ago.

## Eleventh Defense

15. The right of action as set forth in this complaint is barred, in whole or part, by Collateral Estoppel and Laches. Solomon's current ability to explain and confirm his earlier actions, authorizations, knowledge and intentions, to testify on his own and on Defendant's behalf; or to act independently in any way, without fear of reprisal, from Hayden, Adrianne and Sundy, has degraded and has been intentionally and severely compromised in the years, since 1999 and 2003, by Plaintiff Hayden Leake, to Defendant's prejudice.

## COUNTERCLAIMS

16. Defendant repeats and re alleges each and every allegation contained in paragraphs 1 through 15 herein above, and further alleges as and for her counterclaims, as follows:

### First Counterclaim

17. The Plaintiff Solomon Leake, Defendant's father resides at 28 Lynnwood Drive, Va. 23666, needs to have the Court appoint a Guardian for the purpose of this Action and for his protection.

18. Upon information and belief, Plaintiff, Solomon Leake is now an incapacitated person, per Federal Rules of Civil Procedure Rule 17 and the NYS Mental Hygiene Law Article 81, or 36; and per applicable corresponding Mental Hygiene Laws of Virginia.

19. Solomon remains, coherent, intelligent, cognizant of his environment and current news events, from his readings. However, he is frail, suffers from cardiovascular disease (in the past year he had a pacemaker inserted), intermittent short term memory loss and occasional disorientation. Solomon is now essentially unable to handle his own personal affairs or protect himself. Further he has suffered improper treatment, abuse and restraint upon his person, from Hayden, Adrianne and Sundy, to the extent that he no longer has the ability to do anything or speak, freely with anyone of his choosing, without fear of reprisal.

20. To wit: On or about Christmas' 2006, Solomon did not want to remain home alone, so he called Defendant to ask if Defendant could arrange for him to visit with her, during the holidays. Upon Solomon's return home after the visit, Defendant, Labarbara (a sister, as indicated above) and Solomon's physician, spent nearly four (4) days arranging for replacement of Solomon's medications, which his wife, Hayden had hid or removed from the house.

21. Solomon's wife, Plaintiff, Hayden, nor any of his daughters, including the Defendant, are appropriate or qualified at this time, to represent Solomon with respect to this or any claim or action, due the long standing conflict and animus between Hayden, Adrianne, Sundy and Defendant.

20. Likewise, the attorney or firm presumably chosen by Adrianne and Sundy, that purportedly represent Solomon and Hayden, as Plaintiffs, is unqualified to be Solomon's Guardian or Legal Representative.

21. Thus, this action should not be continued without the Court ordering Appointment of an independent representative or GAL or other independent third party, and an investigation, inquiry and report regarding, among other things, Solomon's best interest, capacity, as a Plaintiff and his desire and understanding, concerning these proceedings.

22. Additionally, such an order for Appointment of an independent legal representative or "GAL," is necessary because Plaintiff, Solomon has clearly stated to others, including but not limited to his son Damien, that he wants his prior actions, statements, intentions and decisions to stand as they are and that he does not join Hayden, Adrianne and Sundy, *in any of their* complaints against Defendant.

WHEREFORE, Defendant, demands judgment against the Plaintiffs dismissing the complaint; a judgment or Order for Investigation and Appointment of a Guardian Ad Litem for the Plaintiff, Solomon Leake; and such other and further relief as the Court deems just and proper.

Dated: May 14, 2007
New York, New York

PHROSKA LEAKE McALISTER
DEFENDANT - PRO SE, d/b/a
PHROSKA LEAKE McALISTER, ATTORNEY
116 West 23rd Street 5th Floor # 197
New York, NY 10011
212- 475-7085