UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SOLOMON LEAKE and
HAYDEN MAE LEAKE,

       Plaintiffs,     <u>AFFIRMATION</u>

   -against-       07 Civ. 2947 (CM)

PHROSKA LEAKE McALISTER,    ECF CASE

       Defendant.
------------------------------------------------------------x

   WILLIAM A. SIMON, an attorney at law admitted to practice before the courts of the State of New York and before this Court, affirms the following under penalty of perjury:

   1.  I am a member of the law firm of McGarry & Simon, attorneys herein for the plaintiffs, Solomon Leake and Hayden Mae Leake. I make this affirmation in support of plaintiffs' motion pursuant to Rules 16(f) and 37(b)(2)(A) and other applicable provisions of the Federal Rules of Civil Procedure for an order (a) prohibiting defendant from opposing the claims contained in the amended complaint or supporting her defenses thereto or introducing any evidence at trial; (b) striking defendant's answer and amended answer; (c) rendering a default judgment against defendant; and (d) directing defendant to pay the plaintiffs' reasonable expenses, including attorney's fees, caused by her failure to obey pretrial orders; upon the ground that defendant has failed to communicate or cooperate with plaintiff's counsel to prepare the Joint Pretrial Order, as required by the Case Management Plan Order herein.

   2.  This is an action by plaintiffs, who are defendant's parents, to require defendant to account to them for moneys and securities which they placed under defendant's control beginning in or about 1999, and seeking damages on multiple legal and equitable grounds for defendant's misappropriation of the property.

   3.  A copy of the amended complaint is annexed hereto as Exhibit A.

   4.  The defendant, who is an attorney at law admitted to practice in this State, served an amended answer, *pro se,* a copy of which is annexed hereto as Exhibit B.

     5.     The Civil Case Management Plan Order herein, dated June 29, 2007 set February 1, 2008 as the date for filing of a Joint Pretrial Order in form prescribed in this Court's individual rules, together with other pretrial submissions required by those rules. A copy of the Civil Case Management Plan Order is annexed hereto as Exhibit C.

     6.     Upon application made by plaintiff's counsel by letter dated November 29, 2008, the Court entered an endorsed memorandum order *inter alia* extending the date for submission of the Joint Pretrial Order and other pretrial documents to June 4, 2008. A copy of the endorsed memorandum is annexed hereto as Exhibit D.

     7.     On May 29, 2008 affirmant sent the defendant a message by email (defendant's designated method of communication) stating:

> "The Joint Pretrial Order is due on June 4. Please send me and (sic) electronic copy of your text for insertion, as required by the Judge McMahon's Individual Rules."

     8.     On June 4, 2008, having received no communication from defendant, I faxed a letter to the Court requesting instructions as to how I should proceed in this situation. A copy of the letter is annexed hereto as Exhibit E. I sent a copy of the letter to the defendant via email. I have not received a reply from the Court.

     9.     Defendant has not replied to either of the aforementioned messages and has not submitted any material for the Joint Pretrial Order.

     10.     The foregoing is not the only way in which defendant has failed to cooperate with pretrial procedures. This action concerns plaintiffs' funds which were placed into accounts at UBSPaineWebber, Hartford Life Insurance Co. and Bank of America, which were established and managed for several years by defendant, during which time she received all statements and other communications on the accounts. Pursuant to Rule 26(a) and plaintiffs' Request for Production of Documents dated February 14, 2008, a copy of which is annexed hereto as Exhibit F, defendant was required to produce all relevant records of those accounts, as well as many other documents.

11. Defendant produced nothing but a sheaf of 36 random pages consisting of electronic bill payment data and some correspondence which she brought to her deposition, apparently believing that they were useful to her.

12. Plaintiffs' counsel subpoenaed records from six financial institutions, and produced over 1,000 pages of documents to defendant.

13. It should also be noted that plaintiff's counsel, at defendant's request, refrained from subpoenaing records from defendant's personal bank accounts, upon defendant's representation that she would stipulate that various transfers from the UBSPaineWebber, Hartford and Bank of America accounts went into her personal accounts and were used by her for her own personal purposes. Because of defendant's failure to cooperate in preparing the Joint Pretrial Order, plaintiffs have been unable to obtain the promised stipulations, which should be incorporated in the Joint Pretrial Order as Stipulated Facts.

14. Rule 16(f)(1)(C) provides that where a party fails to obey a scheduling order, the Court, upon motion or on its own, may issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) . . .."

15. The sanctions of Rule 37(b)(2)(A) include:

"(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

"(iii) striking pleadings in whole or in part.

\*          \*          \*

"(vi) rendering a default judgment against the disobedient party."

16. Rule 16(f)(2) provides that the Court may "order the party, its attorney, or both, to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

17. Based upon the foregoing facts and Rules, it is respectfully requested that this Court enter an order pursuant to Rules 16(f) and 37(b)(2)A) and other applicable provisions of the Federal Rules of Civil Procedure (a) prohibiting defendant from opposing the claims contained in the amended complaint or supporting her defenses thereto or introducing any evidence at trial; (b) striking defendant's answer and amended answer; (c) rendering a default judgment against defendant; (d) directing defendant to pay the plaintiffs' reasonable expenses, including attorney's fees, caused by her failure to obey the Case Management Plan Order herein; and (e) awarding the plaintiffs such other, further, and different relief as to this Court shall seem just and proper.

Dated: New York, New York
       June 9, 2008

/s/
_____
William A. Simon (WS 4604)