UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SOLOMON LEAKE and
HAYDEN MAE LEAKE,

                Plaintiffs,                            AMENDED COMPLAINT

                -against-                             07 Civ. 2947 (CM)

PHROSKA LEAKE McALISTER,                      ECF CASE

                Defendant.
------------------------------------------------------------x

        Plaintiffs, SOLOMON LEAKE and HAYDEN MAE LEAKE, complaining of defendant, allege as follows:

        1.      Plaintiffs are citizens of the State of Virginia.

        2.      Defendant is a citizen of the State of New York.

        3.      The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

        4.      Plaintiffs, at all times referred to herein, are and have been husband and wife, and the parents of the defendant; of two other adult daughters, Sundy L. Leake and Adrianne V. Leake-Gaylord; and of one adult son, Damien Leake.

        5.      Plaintiff SOLOMON LEAKE is over 88 years of age.

        6.      Plaintiff HAYDEN MAE LEAKE is over 89 years of age.

        7.      Defendant is and at all times since 1983 has been an attorney at law admitted to practice in the State of New York.

        8.      Since being admitted to practice law, defendant at various times has given plaintiffs legal advice and has acted as their attorney in certain matters, including but not limited to the sale of their real property in Bronx County, New York, in or about 1988.

        9.      In or about 1998 and/or 1999 there was a relationship of trust and confidence between each of the plaintiffs and the defendant, which was based, among other things, upon defendant's legal education and experience, her service to plaintiffs as an attorney at law, and her being their daughter.

10. In or about 1998 and/or 1999 plaintiffs owned one or more joint bank and/or securities accounts, including a joint securities account at Nationsbanc Investments, Inc., as well as bank and/or investment accounts in their individual names at certain other financial institutions.

11. In or about 1998 and/or 1999, defendant represented to and promised plaintiffs that if they would transfer their financial assets into her control, she would act as trustee of said assets, would manage them and invest them in "better performing" accounts, would collect the income from those assets, and would pay out such part of the income and principal to or for the benefit of plaintiffs as would be necessary and appropriate for their living expenses, their health, safety, comfort and well being, and their other needs.

12. In or about 1998 and/or 1999, plaintiffs, relying upon defendant's aforesaid promises and representations and upon their aforesaid relationship of trust and confidence with her, executed certain documents and took certain other actions, as directed by defendant, to place substantially all of their individually and jointly held liquid assets under the control of defendant as such trustee.

13. On or about January 28, 1999, in furtherance of the aforementioned trust arrangement, plaintiff Solomon Leake, at the request of defendant, executed a power of attorney appointing defendant as his attorney-in-fact.

14. In or about the early part of 1999, plaintiffs, at defendant's suggestion, accompanied defendant to their local Nationsbanc branch, and there executed certain documents, including a document resulting in the transfer of the assets that were then in plaintiffs' joint account with Nationsbanc Investments, Inc., (or the proceeds thereof) into an account in the sole name of plaintiff Solomon Leake.

15. In 1998 and/or 1999, substantially all of plaintiffs' jointly held liquid assets were transferred into one or more accounts in the sole name of plaintiff Solomon Leake.

16. Thereafter, defendant, acting as plaintiff Solomon Leake's attorney-in-fact and/or trustee, placed numerous financial assets that were then in his name (including assets that

had formerly been in the joint names of the plaintiffs) into accounts under defendant's control with Hartford Life, PaineWebber (now known as UBS), and possibly other financial institutions.

17. In or about January or February of 2004, defendant, acting as such attorney-in-fact and/or trustee, took control of plaintiff, Solomon Leake's, checking account at Bank of America.

18. Between January 28, 1999 and the date hereof, defendant used the power of attorney executed by plaintiff Solomon Leake in 1999 to control the funds and accounts in his name (including funds that had formerly been in the plaintiffs' joint names), and made numerous transfers of said funds to herself, for her benefit, and into accounts in her own name.

19. On January 14, 2006, plaintiff Solomon Leake executed a power of attorney appointing his daughters Sundy L. Leake and Adrianne V. Leake-Gaylord as his attorneys-in-fact, and terminating and revoking all financial powers of attorney previously executed by him, including the aforesaid power of attorney he had given to defendant in 1999.

20. On or about September 13, 2006, defendant was notified of the revocation of her authority as attorney-in-fact for plaintiff Solomon Leake.

21. On July 5, 2006, plaintiff Hayden Mae Leake executed a power of attorney appointing her daughters Sundy L. Leake and Adrianne V. Leake-Gaylord as her attorneys-in-fact, and terminating and revoking any and all financial powers of attorney previously executed by her.

**FIRST CLAIM FOR RELIEF, BY BOTH PLAINTIFFS**
**(TRUST ACCOUNTING)**

22. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 hereinabove.

23. Plaintiffs and each of them are entitled in law and equity to an order and/or a judgment directing defendant to account to them and each of them for her acts and proceedings as their trustee.

### SECOND CLAIM FOR RELIEF, BY PLAINTIFF SOLOMON LEAKE
### (ACCOUNTING BY ATTORNEY-IN-FACT)

24. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 23 hereinabove.

25. Plaintiff Solomon Leake is entitled in law and equity to an order and/or a judgment directing defendant to account to him for her acts and proceedings as his attorney-in-fact.

### THIRD CLAIM FOR RELIEF, BY BOTH PLAINTIFFS
### (BREACH OF TRUST AND BREACH OF FIDUCIARY DUTY)

26. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 25 hereinabove.

27. Upon information and belief, defendant, acting as such trustee and attorney-in-fact, has expended a large portion of plaintiffs' assets for defendant's own benefit and not for the benefit of plaintiffs; has wasted said assets, has failed to invest said assets properly and prudently; has failed to account to plaintiffs for her administration of said assets; has failed to keep said assets in segregated accounts showing that they are trust accounts or that they belong to plaintiffs; has failed to keep records concerning her management of said assets; has failed to retain account statements and records of income, receipts and disbursements; has failed to return to plaintiffs any of plaintiffs' assets remaining in her hands; and has committed other acts and failures to act which constitute breaches of trust and breaches of her fiduciary duties to plaintiffs as attorney-in-fact and/or trustee.

### FOURTH CLAIM FOR RELIEF, BY BOTH PLAINTIFFS
### (CONVERSION)

28. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 27 hereinabove.

29. By reason of the foregoing facts, defendant has converted a substantial amount of plaintiffs' assets to defendant's own use.

- 4 -

**FIFTH CLAIM FOR RELIEF, BY BOTH PLAINTIFFS**
**(FRAUD)**

30.  Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 29 hereinabove.

31.  In 1998 and/or 1999, defendant as aforesaid represented and promised to the plaintiffs that she would invest and use the assets which plaintiffs put under her control for plaintiffs' benefit.

32.  Thereafter and until the commencement of this action, defendant continually represented to plaintiffs that she was acting as trustee and/or attorney-in-fact with respect to said funds, and concealed from them the fact that she was instead using said funds for her own benefit.

33.  Defendant's aforesaid representations and concealments were false; defendant knew them to be false; defendant made such representations and concealments for the purpose of inducing plaintiffs and each of them to rely upon them; plaintiffs justifiably believed and relied on said representations and concealments in transferring said assets to defendant's control and in failing to demand return of said funds; and plaintiffs have been damaged by said false and fraudulent representations and concealments.

**SIXTH CLAIM FOR RELIEF, BY BOTH PLAINTIFFS**
**(CONSTRUCTIVE TRUST AND UNJUST ENRICHMENT)**

34.  Plaintiffs repeat each and every allegation of paragraphs 1 through 33 hereinabove.

35.   In 1998 and/or 1999 a fiduciary relationship and a relationship of trust and confidence existed between plaintiffs, and each of them, on the one hand and defendant on the other.

36.  In 1998 and/or 1999 defendant promised, expressly or, in the alternative, impliedly, that she would invest plaintiffs' assets and use the principal and income thereof for plaintiffs' benefit.

37. In reliance on the foregoing promise, plaintiffs and each of them transferred their aforementioned jointly and individually titled assets into the control of the defendant.

38. Defendant has been unjustly enriched by the foregoing transfer of assets to her.

WHEREFORE, plaintiffs demand judgment against defendant:

1. Declaring that defendant has no further authority to act as attorney-in-fact and/or trustee for plaintiffs or either of them;

2. Directing defendant to account to plaintiffs and each of them for her acts and proceedings as attorney-in-fact and/or trustee, and to pay over to plaintiffs, in such shares and amounts as directed by the Court, all property of plaintiffs remaining in her hands; surcharging defendant for her breaches of trust and fiduciary duty; and awarding plaintiffs other equitable relief to which they may be entitled in an accounting;

3. Awarding plaintiffs and each of them a money judgment against defendant for the damages caused by defendant's breaches of trust and fiduciary duty;

4. Awarding plaintiffs and each of them a money judgment against defendant for the amounts of plaintiffs' funds converted by defendant to her own use;

5. Declaring that a constructive trust exists with respect to plaintiffs' assets that were placed in defendant's hands, and on the proceeds received by her from its sale or transfer, and upon the property purchased by her using said proceeds; and that defendant has thereby been unjustly enriched; and directing that all such property remaining in defendant's hands be paid over to plaintiffs;

6. Awarding plaintiffs a money judgment for the costs of this action, and the reasonable fees and disbursements of their attorneys; and

       7.      Awarding plaintiffs such other, further and different legal and equitable relief as to this Court shall seem just and proper.

Dated: New York, New York
       July 31, 2007

                         McGARRY & SIMON

                         By:_____
                             William A. Simon (WS-4604)

                        Attorneys for Plaintiffs
                        317 Madison Avenue, Suite 1511
                        New York, New York 10017
                        (212) 867-0100

TO:    PHROSKA L. McALISTER, ESQ.
        Pro Se Attorney for Defendant
        116 West 23rd Street, 5th Floor #197
        New York, New York 10011
        (212) 475-7085