UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SOLOMON LEAKE and                       07 Civ 2947 (CM)
HAYDEN MAE LEAKE,                    ECF CASE

                 Plaintiffs,
   against -

                                                **AFFIRMATION IN OPPOSITION**
                                                     **TO MOTION**

PHROSKA LEAKE McALISTER,

                  Defendant.
_____

       I, PHROSKA LEAKE MCALISTER, Esq., **affirms under penalty of perjury** that:

1.    I, am the Pro Se Defendant in the above entitled action, and respectfully submit this Affirmation in Opposition to the Motion dated June 9, 2009, made by Plaintiffs attorney asking that the court: pursuant Rules 16 (f) and 37 (b) (2) (A) impose Sanctions against Defendant .by entering an order: "... (a) prohibiting defendant from opposing the claims contained in the amended complaint or supporting her defenses thereto or introducing any evidence at trial; (b) striking defendant's answer and amended answer; (c) rendering a default judgment against defendant; (d) directing defendant to pay the plaintiffs' reasonable expenses, including attorney's fees, caused by her failure to obey the Case Management Plan Order herein and (e) awarding the plaintiffs such other, further, and different relief as to this Court shall seem just and proper."

2.    Plaintiff's motion should be denied, for the following reasons:

     a.    The failure to timely file the **Joint** Pre Trial Order is primarily due Plaintiff attorney's failure and refusal to cooperate with Defendant by *civilly* discussing with Defendant

certain outstanding discovery matters; and by discussing the legal points and issues in contention, that need to be resolved prior to submission of pre trial order. In addition, Plaintiff's attorney failed or refused to provide or present Defendant with his proposed Joint Pre Trial Order or responses to my outstanding requests.

     b.    Defendant did not act in bad faith and did not refuse to disclose information or documents within her possession or control.

     *c.*    Defendant attended all depositions scheduled at Plaintiff's attorney's office, on four (4) occasions.

     d.    Defendant made an unscheduled visit, calls to Plaintiff's attorney's office March through April and immediately after depositions, initiated discussion with Plaintiff's attorney about the case and the pre trial preparation necessary. Plaintiff's attorney rebuffed and postponed all such discussions.

     e.    Defendant did not Subpoena records or take depositions because Defendant is without regular or sufficient income, funds or assets to pay for same.

     f.    Defendant did not not make or maintain records or statements of accounts, concerning the matter of this complaint, in the usual course, as an attorney - in- fact or as an attorney for a client. Defendant has only bits and pieces of papers, envelopes, notes, correspondence and documents, jumbled together, from and concerning her father Solomon, **for a period covering more than 45 years**. As a result, Defendant advised Plaintiff's attorney, that Defendant was unable to sort through or organize same for proper presentment to him or the Court, and understood that such materials may be precluded from being submitted in support of the Defense case, in chief.

    g.    Defendant advised Plaintiff's attorney that she agreed to admit receipt and personal use of 90% of the money, funds and assets transferred to Defendant, as evidenced by Solomon's Paine Webber UBS and Hartford Annuity Account statements, transfers and advices. The sum of which Plaintiff's attorney was supposed to calculate.

    h.    Defendant advised Plaintiff's attorney that she expected Plaintiffs to admit that Solomon's Bank of America Checking account funds were used for Solomon's and Plaintiff's personal and household expenses, since Plaintiff's monthly budget and Defendant's regular payment of same **online** was apparent, throughout the period in question.

    i.    Rather than Subpoena, Defendant was advised by a NYS Appellate Court, First Department, Disciplinary Committee, administrator that the **best way** to acquire a complainant's file, from them, was via authorization from a complainant. Therefore, in April, Defendant asked Plaintiff's attorney for voluntary production of Hayden's entire complaint file against Defendant; production of Hayden's duly executed authorization to the NYS Appellate Court, First Department, Disciplinary Committee. Or, alternatively<u>, that Plaintiff agree that said Disciplinary Committee materials, filed by, on behalf of or concerning Hayden's complaint against Defendant, not be excluded or precluded from being submitted at trial, in whole or part.</u>

    k.    Defendant also, requested omission of Plaintiff's demand for a jury trial and omission of Hayden's extraneous, boilerplate claims re "constructive trust" "fraud" and "conversion." It is a fiction that a "trust" relationship existed between Hayden and Defendant and that Defendant made false statements or misrepresentations to Hayden or Solomon, concerning any matter. There is no one that can validate Hayden's claims concerning same without lying.

l.  Defendant advised Plaintiff's attorney that possible defense witnesses in chief, include Defendant, Aaron Reynolds, Plaintiff's CPA, accountant, during subject period to: authenticate tax returns he or a member of his firm prepared for Plaintiff's and/or to explain information or items included therein; or in IRS correspondence concerning same, that may be pertinent; and a Paine Webber, UBS administrator record keeper, to be identified., to: explain and describe Company account intake, record making, keeping, statements, advices and notification procedures for Client.

m.  Defendant's rebuttal witnesses include Labarbara Crayton Pugh, Damien Leake, Laura McLarty (maternal 1st cousin) and Roderick Reives, (a person named during Defendant's deposition re conversations had at or about the 1999 transfers).

3.  In view of the foregoing, it is respectfully submitted that the motion should be denied.

**I declare under penalty of perjury that the foregoing is true and correct.**

**New York, New York**
Dated: June 23, 2008

                                        **/S/**
                              **PHROSKA L. McALISTER, Esq.,**
                              **Pro Se Attorney for**
                              **Defendant, Phroska Leake McAlister,**
                              **116 West 23rd Street 5th Floor  #197**
                              **New York, NY 10011**
                              **212- 475- 7085**

**To:**     USDC Clerk of the Court
           William A. Simon
           McGarry & Simon
           317 Madison Avenue Suite 1511
           New York, New York 10017-5021
           212- 867-0100

Case 1:07-cv-02947-CM-GWG     Document 42     Filed 06/23/2008     Page 5 of 5